IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,792-01






EX PARTE ANGEL DOMENECH, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 29950 IN THE 23RD DISTRICT COURT


FROM BRAZORIA COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possessing and
concealing a deadly weapon in a penal institution and sentenced to four years' imprisonment. He did
not appeal his conviction.

 Applicant contends that his trial counsel rendered ineffective assistance because he advised
Applicant that his guilty plea would "only amount to another felony conviction." Applicant also
contends that trial counsel neglected to advise Applicant that if he pleaded guilty, he would forfeit
his legislative mandated release. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an
affidavit stating how Applicant's sentences are being calculated; whether Applicant is eligible for
release to mandatory supervision; and if he is not eligible, the reason he is not. The trial court shall
also order trial counsel to respond to Applicant's claim. The trial court may use any means set out
in Tex. Code Crim. Proc. art. 11.07, § 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to how Applicant's sentences are being
calculated; whether Applicant is eligible for release to mandatory supervision; and if he is not
eligible, the reason he is not. The trial court shall also making findings of fact as to whether the
performance of trial counsel was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of
law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: June 15, 2011

Do not publish